**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DNESTR, LLC,** | : | Case No. 1:08-CV-1987 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **TRADEX INTERNATIONAL, INC.,** *et al.*, | : | **OPINION & ORDER** |
| **Defendants.** | : | |

This matter arises on the Court's initiative. For the reasons articulated below, the Court *sua sponte* remands this action to state court.

**I.  BACKGROUND**

On July 16, 2008, DNESTR, LLC ("DNESTR") instituted this action against Tradex International, Inc. ("Tradex") in the Parma, Ohio Municipal Court. (Doc. 1-2 at 1.) DNESTR filed a Small Claims Complaint, requesting payment of an invoice in the amount of $1175 for the transportation of Tradex's goods from Cleveland, Ohio to Holtsville, New York. (*Id.* at 1, 3-6.)

On August 15, 2008, Tradex removed the action to this Court. (Doc. 1.) Tradex claimed that the removal was proper, because the Court had original subject matter jurisdiction pursuant to 28 U.S.C. § 1335 "in that Tradex's Counterclaim and Third Party Complaint that will be filed with the Court state an action for Interpleader that encompasses the funds [DNESTR] alleges to be owed."

(*Id.* at 2.)[1]

A week later, on August 22, 2008, Tradex, as promised, filed its Counterclaim and Third Party Complaint alleging an action for statutory interpleader pursuant to 28 U.S.C. § 1335. (Doc. 5.)

To date, no party has filed a motion to remand.

---

[1] 28 U.S.C. § 1335 provides in relevant part:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $ 500 or more . . . or being under any obligation written or unwritten to the amount of $ 500 or more, if

>   (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title, are claiming or may claim to be entitled to such money or property . . . ; and if

>   (2) The plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

Tradex asserted that an action for interpleader was appropriate, because: (1) Tradex previously had hired a trucking company known as Synergistics Express, Inc. ("Synergistics") to transport various shipments of goods; (2) Synergistics subsequently brokered Tradex's loads to several independent drivers such as DNESTR to make the shipments; (3) when Tradex was required to make payment to Synergistics for the shipments, Tradex learned that Synergistics had gone out of business; (4) Tradex then began receiving demands for payment from the various independent trucking companies hired by Synergistics, as well as two other companies, both of which claimed that they had purchased Synergistics' receivables; and (5) Tradex is now uncertain as to which, if any, of the claimants to the money it owes Synergistics are rightfully entitled to the funds. (Doc. 1 at 2-3.)

**II.     DISCUSSION**

This Court has an independent obligation to examine the propriety of exercising jurisdiction over every action. *See Probus v. Charter Communs., LLC*, 234 Fed. Appx. 404, 406 (6th Cir. 2007) ("Courts must examine subject matter 'on their own initiative.'" (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999))); *Curry v. U.S. Bulk Transport, Inc.*, 462 F.3d 536, 539-41 (6th Cir. 2006) ("Defects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." (quoting *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988))). Accordingly, the Court must investigate whether Tradex's removal was proper and ultimately determine whether it has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

A civil action is removable only if the action could have been brought initially in federal court. 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . ."); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant desiring to remove a case bears the burden of establishing that original subject matter jurisdiction lies in the federal courts, and all doubts regarding the appropriateness of removal are to be resolved in favor of remand. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32-33 (2002); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999). Further, as is critical here, "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (quoting *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004)); *see also Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 551 (6th Cir. 2006) (declining to examine an amended complaint filed

subsequent to removal when determining whether the district court had subject matter jurisdiction over the action); *In re Bridgestone/Firestone, Inc.*, 256 F. Supp. 2d 884, 889 n.5 (S.D. Ind. 2003) ("Removal must be determined on the basis of the plaintiffs' pleadings at the time of removal, without regard to subsequent development."); *Vasura v. Acands*, 84 F. Supp. 2d 531, 536 (S.D.N.Y. 2000) ("It is not relevant in determining the propriety of removal – which is measured as of the date of removal – that diversity was later created by dismissal of the non-diverse defendant. If the removal was not proper in the first instance, the state court was never divested of jurisdiction and the federal court consequently has no jurisdiction to exercise."). Moreover, cases generally cannot be removed on the basis of a defendant's pleading – whether under federal question jurisdiction pursuant to 28 U.S.C. § 1331, *see Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6, 12 (2003), or under diversity jurisdiction pursuant to 28 U.S.C. § 1332, *see Loker v. Metro. Prop. & Cas. Ins. Co.*, No. 1:08-CV-2572, 2008 U.S. Dist. LEXIS 105657, at *10-12 (N.D. Ohio Dec. 22, 2008) (O'Malley, J.) – particularly where the defendant's pleading has not been filed prior to the time of removal.

Here, applying the above principles, it is clear that Tradex's removal was improper, and that the Court does not have subject matter jurisdiction. First, as Tradex must concede, and indeed does not argue, DNESTR's Small Claims Complaint could not have been brought here initially, as the Court could not have exercised federal question or diversity jurisdiction, or even jurisdiction under the interpleader statute. Second, Tradex's sole stated rationale for the removal – *i.e.*, that the Court had original jurisdiction pursuant to 28 U.S.C. § 1335, because its Counterclaim and Third Party Complaint that was to be filed with the Court stated an action for interpleader that encompassed the funds DNESTR alleged to be owed – must be rejected: removal here must have been based on the Plaintiff DNESTR's Complaint, not on the Defendant Tradex's pleading, particularly when that

-4-

pleading was not even filed prior to the time of removal. While the Court may have had original subject matter jurisdiction over Tradex's Counterclaim and Third Party Complaint under the interpleader statute had it been filed here initially (and independent of DNESTR's Complaint), the issue herein is not original jurisdiction but removability. And here, removal was not permitted under 28 U.S.C. § 1441(a).[2]

Therefore, the Court concludes that it lacks subject matter jurisdiction over this removed action, and that remand is necessary.

### III. CONCLUSION

For all of the foregoing reasons, the Court *sua sponte* **REMANDS** this action to the Parma, Ohio Municipal Court for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c). To the extent that Tradex has deposited any funds into the registry of the Court, the Clerk is instructed to return those funds to Tradex in the manner outlined in the Court's Order of August 29, 2008 (Doc. 8).

---

[2] The Court also notes that, even if Tradex was attempting to remove an interpleader action that was filed initially in state court, there is some authority suggesting that a party may not remove a case that could have originally been brought in federal court under 28 U.S.C. § 1335 where, as here, there is not complete diversity between the parties. *Fed. Ins. Co. v. Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 393-97 (S.D.N.Y. 2006); *see also County Comm'rs v. Tingle*, 555 F. Supp. 2d 570, 572 (D. Md. 2008). Moreover, again, even if Tradex was attempting to remove an interpleader action that was filed initially in state court, such an action probably would not have been removable, because Tradex is a citizen of Ohio, and diversity actions are only removable "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp.*, No. 98-3080, 1998 U.S. Dist. LEXIS 19272, at *7 (E.D. La. Dec. 8, 1998) ("There is no support for the proposition that the restrictions in § 1441(b) apply to removal under the diversity jurisdiction of § 1332, but do not apply to removal under the diversity jurisdiction of § 1335.").

**IT IS SO ORDERED.**

                                           **/s/Kathleen M. O'Malley**
                                           **KATHLEEN McDONALD O'MALLEY**
                                           **UNITED STATES DISTRICT JUDGE**

**Dated:  February 27, 2009**